IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON            PLAINTIFF

VS.            CIVIL ACTION NO. 4:16-cv-245-DMB-JMV

PRAIRIE FARMS DAIRY, INC.
d/b/a LUVEL            DEFENDANT

## ANSWER AND DEFENSES OF
## PRAIRIE FARMS DAIRY, INC.

In response to the allegations of the complaint filed in the above styled and numbered cause, Prairie Farms Dairy, Inc. d/b/a Luvel (hereafter "Defendant") affirmatively pleads and answers as follows:

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged cause(s) of action, as well as to the entire Complaint. Insofar as any of the following defenses express denial of an element of the claims, or any of them, alleged against the Defendant, such expression is in no way intended as a concession that Plaintiff is relieved of his burden to prove each and every element of any such claim. Defendant does not assume the burden of a defense asserted that is adjudged not to be an affirmative defense, whether listed here or not.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Defendant.

**SECOND DEFENSE**

All or a portion of Plaintiff's claims are barred by the statute of limitations applicable to the claims and allegations asserted in this case.

**THIRD DEFENSE**

Without waiving any defense contained herein, in the event Plaintiff should be awarded damages in this case, Defendant is entitled to set off any interim earnings or amounts earnable by reasonable diligence of Plaintiff or for his failure to reasonably mitigate his alleged damages.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff reported any alleged discrimination or retaliation, Defendant promptly investigated the report and took prompt and appropriate remedial action.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

**SIXTH DEFENSE**

At all times relevant to Plaintiff's employment, Defendant acted in good faith toward the Plaintiff and with reasonable belief that its policies, procedures, and employment actions with respect to Plaintiff were in full compliance with applicable law.

**SEVENTH DEFENSE**

Plaintiff's recovery of damages, if any, is limited by any and all applicable caps and limitations on damages, including but not limited to the caps and limitations on damages set forth in any state, local, or federal rules.

## EIGHTH DEFENSE

Defendant's actions towards Plaintiff were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

## NINTH DEFENSE

Plaintiff failed to avail himself of reasonable company policies and procedures.

## TENTH DEFENSE

Plaintiff has failed to reasonably and timely exhaust available internal and external administrative remedies.

## ELEVENTH DEFENSE

Punitive damages are barred because Plaintiff cannot prove by clear and convincing evidence that Defendant acted with actual malice or reckless indifference relative to his federally protected rights.

## TWELFTH DEFENSE

Plaintiff's claims are barred because Plaintiff is unable to establish that individuals outside of his protected classifications were treated more favorably in similar situations.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of laches.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of unclean hands and estoppel.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the exclusive remedy doctrine under the Mississippi Workers' Compensation Act.

**SIXTEENTH DEFENSE**

Defendant reserves the right to amend this Answer to plead any additional affirmative defenses or matters of avoidance required by Rules 8(c) and 12(h) of the Fed. R. Civ. P. which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the Complaint.

**ANSWER**

And now, having affirmatively asserted its defense to the allegations, and in the event said defenses are not dispositive of the action, Defendant answers the allegations of the Complaint as follows:

*The Parties*

1. Defendant admits the allegations of paragraph 1 of the complaint upon information and belief.

2. Defendant admits the allegations of paragraph 2 of the complaint.

*Jurisdiction and Venue*

3. Subject to the affirmative defenses set forth above, Defendant admits the allegations of paragraph 3 of the complaint.

4. Defendant admits the allegations of paragraph 4 of the complaint and further admits that the referenced exhibits appear to be reasonable facsimiles of the Charge of Discrimination filed by Plaintiff and the Dismissal and Notice of Right to Sue issued by the Equal Employment Opportunity Commission. Defendant specifically admits the Equal Employment Opportunity Commission issued its Dismissal and Notice of Right to Sue following its investigation of Plaintiff's charge and failing to find a violation by Defendant.

*Statement of Facts*

5. Defendant admits the allegations of paragraph 5 of the complaint upon information and belief.

6. Defendant denies the allegations of paragraph 6 of the complaint due to the lack of sufficient information and knowledge.

7. Defendant denies the allegations of paragraph 7 of the complaint due to the lack of sufficient information and knowledge.

8. Defendant denies the allegations of paragraph 8 of the complaint due to lack of sufficient information and knowledge.

9. Defendant denies the allegations of paragraph 9 of the complaint but admits Plaintiff started working for Defendant on or about October 26, 2015.

10. Defendant denies the allegations of paragraph 10 of the complaint but admits Plaintiff was terminated within his 90-day probationary period in accordance with the collective bargaining agreement in effect at the time.

11. Defendant denies the allegations of paragraph 11 of the complaint.

12. Defendant denies the allegations of paragraph 12 of the complaint.

*Count I – Violation of Title VII and 42 U.S.C. §1981 - Retaliation*

13. Defendant adopts, references and incorporates herein all prior defenses and answers for purposes of responding to paragraph 13 of the complaint.

14. Defendant denies the allegations of paragraph 14 of the complaint.

15. Defendant denies the allegations of paragraph 15 of the complaint.

16. Defendant denies the allegations of paragraph 16 of the complaint.

*Prayer for Relief*

Defendant denies the allegations of the unnumbered paragraph on page 3 of the complaint titled "Prayer for Relief," inclusive of its subparts numbered 1 through 7, and specifically denies Plaintiff is entitled to any relief requested in the complaint.

Defendant denies any and all allegations not specifically admitted herein for all intent and purposes of this responsive pleading.

Defendant respectfully submits the complaint should be dismissed with prejudice as to all claims asserted by Plaintiff.

> Respectfully submitted,
> **PRAIRIE FARMS DAIRY, INC.**
> Defendant
>
> By:     /s/ *Timothy W. Lindsay*
> Timothy W. Lindsay (MS Bar No. 1262)
> tim.lindsay@ogletreedeakins.com
> Ogletree, Deakins, Nash, Smoak
>    &amp; Stewart, P.C.
> 207 West Jackson Street – Suite 200
> Ridgeland, MS 39157
> Telephone: (601) 360-8444
> Facsimile: (601) 360-0995
> ATTORNEYS FOR DEFENDANT,
> PRAIRIE FARMS DAIRY, INC.

**CERTIFICATE OF SERVICE**

I, Timothy W. Lindsay, hereby certify that on January 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Louis H. Watson, Jr.
>Nick Norris
>WATSON & NORRIS, PLLC
>1880 Lakeland Drive, Suite G
>Jackson, MS 39216
>**ATTORNEYS FOR PLAINTIFF**

>/s/ *Timothy W. Lindsay*
>Timothy W. Lindsay