**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

JASON ALSTON                                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO.: 4:16-cv-245-DMB-JMV

PRARIE FARMS DAIRY, INC.                                                                DEFENDANT
d/b/a LUVEL

## ORDER

This matter is before the Court on Plaintiff's Motion to Quash Defendant's Subpoenas or for Protective Order [29]. Upon due consideration of the motion, the court finds the Motion to Quash is well taken ,in part, and denied in part. Having so ruled, the court finds the Motion, to the extent it seeks a protective order, is moot and is denied as such.

### Background

The Defendant, in its response [33] to Plaintiff's Motion to Quash, has agreed to an order to quash the following subpoenas: McDonald's of Ridgeland, Mississippi; Wendy's; Onin Staffing; WenDelta, Inc.; Golden Triangle Waste Management; Tyson Farms, Inc.; Popeye's Famous Fried Chicken; and Pizza Hut of Vicksburg, Mississippi. As such, the Court will only discuss the remaining subpoenas regarding: The Mississippi Department of Transportation ("MDOT"), Yates Services, Inc., McDonalds of Carthage, Koch Foods of MS LLC, and A Cut Above.[1]

### Discussion

The Court follows the Fifth Circuit precedent in concluding that, "Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, and

---
[1] Defendant has failed to attach the subpoena addressed to Pizza Hut of Kosciusko, MS— as listed in his response.

'[i]t is well established that the scope of discovery is within the sound discretion of the trial court.'" *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 U.S. Dist. LEXIS 30985, 2016 WL 918038, *2 (S.D. Miss. Mar. 10, 2016) (quoting *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).

Further when reviewing discovery motions, the Court does adhere to Rule 26(b)(1) which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' *relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Relevance, proportionality, and relative access are the key issues here. In many instances the Defendant's subpoenas are overly broad and are not sufficiently tailored to the Plaintiff's claims nor the Defendant's defenses. Accordingly, when the Court is reviewing subpoenas wherein the relevance of the object of the subpoena is not clear on its face nor is adequately justified by a party in briefing, the Court takes the position of most jurisdictions that: "The mere possibility that something [a][Defendant] could fish out of the personnel records of every employer who employed Plaintiff … does not justify [a][Defendant's] present broad sweeping attempt to discover such private information. " *Reed v. Madison Cty.*, No. 3:16-cv-51-WHB-JCG, 2016 U.S. Dist. LEXIS 189314, at *5-6 (S.D. Miss. Nov. 1, 2016) (citation omitted).

Further the *Reed* Court establishes, "[A]n employment discrimination plaintiff does not open [his] entire work history up for discovery by the defendant as a matter of course; rather, the defendant must demonstrate a specific reason why the information is relevant to the particular

claims and defense in the case at hand." *Reed v. Madison Cty.*, No. 3:16-cv-51-WHB-JCG, 2016 U.S. Dist. LEXIS 189314, at *5-6 (citation omitted).

Additionally, the Defendant has anticipated its use of after-acquired evidence as an affirmative defense, which, it argues, makes Plaintiff's personnel records held by Yates Services, Inc., McDonald's of Carthage, Mississippi, Koch Foods, LLC and A Cut Above relevant due to the Plaintiff's inconsistent statements and omissions. "The after-acquired evidence doctrine precludes or limits an employee from receiving remedies for wrongful discharge if the employer later discovers evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-63, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995)." *Reed v. Madison Cty.*, No. 3:16-cv-51-WHB-JCG, 2016 U.S. Dist. LEXIS 189314, at *6.

However, as the *Reed* Court opined, "[D]efendant cannot use the after-acquired evidence defense to conduct extensive discovery into the plaintiff's prior employment records on the basis of pure speculation." *Reed v. Madison Cty.*, No. 3:16-cv-51-WHB-JCG, 2016 U.S. Dist. LEXIS 189314, at *7 (citation omitted). Likewise, this Court does not choose to allow parties to rely on the after-acquired evidence doctrine as an independent basis for discovery without some basis for believing that evidence of wrongdoing will be revealed.

The discrepancy concerning Plaintiff's dates of employment does not, without more, indicate that discovery might lead to wrongdoing. Defendant has failed to first establish some basis for believing that evidence of wrong-doing will be revealed.

However, the Court does agree that the Plaintiff's omissions, as opposed to mere discrepancy in dates of employment, raise a question as to why the Plaintiff failed to disclose, and is convinced that discovery may in fact reveal wrongdoing relevant to the defense.

### The Mississippi Department of Transportation ("MDOT")

Defendant has requested the complete file regarding Jason Alston including but not limited to: application for employment, records, personnel files, attendance records, job performance, job training, disciplinary actions, wages earned, benefits available and received, documents reflecting separation and internal investigation files.

Due to the Department being named in this case as an alleged part of the Plaintiff's claim against the defendant, as well as the proximity of Plaintiff's employment with MDOT to his employment with Defendant, the court declines to quash the subpoena addressed to MDOT. However, the court hereby modifies the subpoena to exclude the generic reference to "records," as listed above. All other items specifically requested in the subpoena remain.

### Yates Services, Inc.

Defendant has requested personnel records regarding Jason Alston including but not limited to: application for employment, records, personnel files, attendance records, job performance, job training, disciplinary actions, wages earned, benefits available and received, documents reflecting separation and internal investigation files.

Due to the proximity of Plaintiff's employment with Yates to his employment with Defendant and the Plaintiff's failure to list this employer on his application seeking employment with Defendant, the court declines to quash the corresponding subpoena. However, the court hereby modifies the subpoena to include only: attendance records, disciplinary actions, separation documents, and application for employment.

All other categories of documents requested do not strike the court as relevant to the instant case, or as serving as a factor in Defendant's decision to hire the Plaintiff.

### McDonald's of Carthage

Defendant has requested the complete file regarding Jason Alston including but not limited to: application for employment, records, personnel files, attendance records, job performance, job training, disciplinary actions, wages earned, benefits available and received, documents reflecting separation and internal investigation files.

Likewise, due to the proximity of Plaintiff's employment with McDonald's to his employment with Defendant and the Plaintiff's failure to list this employer on his application seeking employment with Defendant, the court declines to quash the corresponding subpoena. However, the court hereby modifies the subpoena to include only: Plaintiff's attendance records, disciplinary actions, separation documents, and application for employment.

All other categories of documents requested do not strike the court as relevant to the instant case, or as likely serving as a factor in Defendant's decision to hire the Plaintiff.

### Koch Foods of MS LLC

Defendant has requested personnel records regarding Jason Alston including but not limited to: application for employment, records, personnel files, attendance records, job performance, job training, disciplinary actions, wages earned, benefits available and received, documents reflecting separation and internal investigation files.

Due to Plaintiff's conflicting testimony regarding his termination, the court declines to quash the corresponding subpoena. However, the court hereby modifies the subpoena to include only: attendance records, disciplinary actions, separation documents, and application for employment.

All other categories of documents requested do not strike the court as relevant to the instant case, or as likely serving as a factor in Defendant's decision to hire the Plaintiff.

### A Cut Above

Defendant has requested personnel records regarding Jason Alston including but not limited to: application for employment, records, personnel files, attendance records, job performance, job training, disciplinary actions, wages earned, benefits available and received, documents reflecting separation and internal investigation files.

Although Plaintiff's application lists dates conflicting with Plaintiff's recent testimony, the name of this employer was disclosed. Therefore, Defendant had the opportunity, at the time of hiring, to contact this employer and gather information, including the correct dates of employment. In light of this, there has been no effort on the part of defense counsel to explain the probative value of the information sought. As do other jurisdictions, the Court adheres to the "fishing expedition rule," explained above, wherein a request for discovery needs to be relevant in light of the case. The Court finds the explanations made by the Defendant in support of the subpoenaed records' relevancy inadequate. Therefore the Court hereby quashes the subpoena addressed to A Cute Above.

## Conclusion

As the Court has found Plaintiff's Motion to Quash/Modify Subpoenas is well taken in part, and denied in part, Plaintiff's Motion for a Protective Order is moot and therefore denied.

**THEREFORE, IT IS ORDERED** that the Plaintiff's Motion to Quash Defendant's Subpoenas/For a Protective Order is hereby **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED** this 26th day of September, 2017.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**