IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JASON ALSTON**                                                                      **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 4:16 -cv- 245-DMB-JMV**

**PRAIRIE FARMS DAIRY, INC**
**d/b/a LUVEL**                                                         **DEFENDANT**

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, Jason Alston, as pro se and without any undersigned counsel, and files this his Motion for Summary Judgment which also includes Memorandum in Support of Plaintiff's Motion for Summary Judgment. Plaintiff request that this Court Grant plaintiff's Motion for the reasons set forth below.

## BACKGROUND

Plaintiff was a former MDOT employee from September 1, 2012 through October 26, 2015. While at MDOT Plaintiff filed a Charge of Discrimination with the EEOC against MDOT on July 13, 2015. (See Exhibit D). On or about September 23, 2015, Plaintiff was written up by Mr. Price and the end result plaintiff was suspend 40 hours without pay. (See Exhibit E).The MDOT Caucasian male that was with plaintiff on that day was not written up nor suspended. Martin (Marty) Price was a former Maintenance Area Superintendent in Kosciusko, Mississippi for the Mississippi Department of Transportation (hereinafter "MDOT"). Marty Price is now a current employee for Prairie Farms Dairy (hereinafter "LUVEL" or "Defendant"). Mr. Price is a Route Driver. Prairie Farm Dairy employee Brad Hutchison was a Cooler Manager for Luvel when he fired the plaintiff, but is an Route Driver now. This case involves a former Superintendent for MDOT who is now a current Prairie Farm Dairy employee conspiring with his good friend Luvel Cooler Manager Mr. Hutchison to Hirer and firer plaintiff from

4.

his General Cooler job at Luvel. Plaintiff was instructed by Night Shift Cooler Manager Donny riley to get in raw sewage with no protective gear to unclog the drain of the sewage. (See Exhibit "F")is pictures of the sewage waste. The Defendant was avoiding the reason for telling plaintiff of his termination. (See Exhibit A). Defendant is now alleging plaintiff had poor work performance is what lead to plaintiff's termination. Plaintiff and The Defendant employee Mr. Hutchison had a schedule hearing with MDES Administrative Law Judge pertaining to why the plaintiff was termination. (See Exhibit A). Luvel employee Mr. Hutchison failed to show and/ or answer for the telephone hearing with MDES ALJ. Luvel employee Mr. Hutchison could have reschedule but fail to do so. Plaintiff apply for Luvel over 4 times. (See Exhibit B)

## Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported 248*248 motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

## Argument

LUVEL employee Mr. Hutchison was a day shift worker and plaintiff was a night shift worker it is impossible to tell an night shift worker work performance from home. The Night Shift Supervisor Donny Riley had the plaintiff working 17.60 hours over 40 hours the first week of his employment at Luvel. (See Exhibit C). If plaintiff had poor work performance, Mr. Hutchison should have and / or could have told MDES ALJ on the telephone schedule hearing for plaintiff and defendant.(See Exhibit A)
The Defendant and/ or Defendant's Attorneys' refuse to release the video footage from October 27, 2015 to November 5, 2015 of the footage that is always recording in plaintiff work area inside the plant. This Honorable Court needs to see the poor work performance that the Defendant is alleging that lead to Plaintiff's termination.

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)."Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson 477 U.S. at 249.

Defendant has proffered plaintiff's poor work performance as a legitimate business reason for plaintiff's termination.

### Conclusion

For the reasons set forth above plaintiff pray this Motion is Granted.

Respectfully Submitted, this day November 7, 2017.

Jason Alston, Plaintiff

By: Jason Alston

Plaintiff and Pro Se

Jason D. Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Telephone: 662-739-5301
Email: babyheart1981@gmail.com

6.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                                       PLAINTIFF

VS.                                              CIVIL ACTION NO. 4:16 -cv- 245-DMB-JMV

PRAIRIE FARMS DAIRY, INC
d/b/a LUVEL                                                                        DEFENDANT

## AFFIDAVIT TO ACCOMPANY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE ME, the undersigned authority, personally appeared, Jason Alston who first being duly sworn and deposes says:

I, Jason Alston am over the age eighteen years old. I am a resident of Attala County, MS since 2014. I am plaintiff and pro se. I am filing this Affidavit to Accompany Plaintiff's Motion For Summary Judgment in the above entitled matter. All of the factual statements made in the Motion are true and correct to the best of my knowledge. Finally, as pro se of the record, plaintiff hereby certify that Plaintiff's Motion For Summary Judgment is made in good faith.

*/s/ Jason Alston*
Jason Alston, Plaintiff

STATE OF MISSISSIPPI)
COUNTY OF Attala )

Sworn to or affirmed and Signed before me on the 7th of November, 2017.

By: _____

Commission Expires January 6, 2020

7.

## CERTIFICATE OF SERVICE

I, Jason Alston, as Pro Se, do hereby certify that I have this date mailed, by United States mail, a true and correct copy of everything list above to the following persons, at his/her last known address:

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
Attorney Timothy W. Lindsay ( MS Bar No. 1262)
207 West Jackson Street - Suite 200
Ridgeland, MS, 39157


This the ___7___ day of November, 2017.

_____
Jason Alston, Plaintiff

8.