IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                                                       PLAINTIFF

VS.                                                            CIVIL ACTION NO. 4:16- cv- 245-DMB-JMV

PRAIRIE FARMS DAIRY, INC
d/b/a LUVEL                                                                                        DEFENDANT

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.                                          INTRODUCTION

Defendant, Prairie Farms Dairy, INC (hereinafter "LUVEL") has undercut and sidestep the real reason for explaining plaintiff termination with the Mississippi Department of Employment Security (hereinafter "MDES") Administrative Law Judge Hearing. (See Plaintiff's Summary Judgment Exhibit A) The defendant is making countless errors in an attempt to cover up the Conspiracy between LuVel Cooler Manager Brad Hutchison and Maintenance Area Superintendent Martin (Marty) Price for the Mississippi Department of Transportation (hereinafter "MDOT") in which both good friends are currently an Route Sales Delivery Driver for LuVel. The defendant in a desperate attempt at Dispositive Motion Deadlines has gather names of just three Supervisors an Director of Labor Relations and Human Resources and an Special Assistant Attorney General to try to justify plaintiff wrongful discharge and/ or wrong termination. These frivolous Declaration statements that have been submitted to this Honorable Court should have been produce to plaintiff attorneys' before the firm service expired and/ or ended with the plaintiff, doing the request for production of documents stage. Plaintiff request that the Defendant's Motion for Summary Judgment be denied and it be striken from the record along with any and/or attachments for the reason set forth below.

II.                                         BACKGROUND

4.

Plaintiff was employed by MDOT for more than three (3) years beginning September 1, 2012 through October 26, 2015, as an Maintenance Technician. (See Alston v. Mississippi Department of Transportation Case# 4.16-cv-00236- same Honorable Court) On January 08, 2015, Plaintiff inadvertently filled an MDOT state agency truck with the wrong fuel. MDOT Supervisor Martin Price who is Caucasian male gave orders to MDOT employee Rickey McGivney who is also

Caucasian male and was in charge to have plaintiff who is African American to siphoning all fuel out with a hose with his mouth and allow it empty into some buckets by himself or take a written reprimand and possibly will be terminated. On January 08, 2015, Montfort Jones Memorial Hospital in Kosciusko, Mississippi rendered Alston treatment from his burn injury to lips and throat that was sustain from siphoning the gasoline fuel and diesel fuel out of MDOT state agency vehicle. MDOT Supervisor Martin Price gave an order for Plaintiff to do n disparate treatment and unsafe hazardous act of siphoning gasoline and diesel from MDOT truck. On June 10, 2015, MDOT Supervisor Morgan Henry wrote up plaintiff for misplacement of road signs. Plaintiff filed an EEOC charge Race Discrimination and Disability Discrimination on June

10, 2015 with the EEOC against MDOT. Alston was admit June 30, 2015, time 18:23 at St. Dominic- Jackson Memorial Hospital Jackson, Mississippi. Admitting Diagnosis Psychosis, Discharge Date: July 2, 2015. Plaintiff had a nervous breakdown from everything that was happen at his MDOT workplace. Plaintiff filed a Charge of Discrimination with EEOC for Retaliation on July 13, 2015.On or about September 19, 2015 , MDOT Supervisor Martin Price

gave instruction to Alston and MDOT employee Jan Vidonne who is Caucasian to go 43 North and set Road signs out. The plaintiff called Mr. Price and asked his location and where is all the MDOT employees and the tractors, Mr. Martin Price told plaintiff he allegedly said 43 South not North. Mr. Martin Price stated, "**he was riding all my old routes looking for me.**"

(See Exhibit C) Plaintiff got an written reprimand because of Mr. Price error. Jan Vidonne did not get any written reprimand nor suspended. While on plaintiff's 40 hours without pay suspension the plaintiff apply for LuVel an third time that year. (See Plaintiff's Summary Judgment Exhibit B) LuVel Cooler Manager Mr. Hutchison ask the plaintiff does Martin Price stills work for MDOT because Mr. Hutchison sees the plaintiff has MDOT list on his application. Plaintiff's application and

5.

interview was on October 5, 2015.( See Defendant's Summary Judgment A-3) Mr. Hutchison goes on to tell the plaintiff that he knows Mr. Price very well and that him and Mr. Price are good friends. Upon returning back to work, the plaintiff asks Mr. Price, **Do you know Brad Hutchison?** and Mr. price confirms that him and Mr. Hutchison are good friends. Plaintiff resigned October 26, 2015 from MDOT.(See Defendant's Summary Judgment Exhibit F) On October 26, 2015, Mr. Hutchison told the plaintiff, I bet Mr. Price glad you are gone. Plaintiff did not think nothing of the statement Mr. Hutchison made then, because LuVel has been the plaintiff dream job. The plaintiff signed a lot papers but the Prairie Farm Dairy and Retail, Wholesale, & Department Store Union AFL- CIO agreement March 01, 2014 to March 1, 2018 was not in the papers. (See Defendant's Summary Judgment Exhibit A-1).On November 5, 2015, LuVel Cooler Manager Mr. Hutchison, Night shift and /or Evening Shift LuVel Manager Donny Riley and Union worker Sammy Veasley was the witnesses in the room upon Mr. Hutchison wrongful discharge the plaintiff. The plaintiff ask Mr. Hutchinson many times, **why are you firing me**. Mr. Hutchison refused to tell the plaintiff and kept saying this is any at will state. Before the plaintiff left the room that day, the plaintiff ask Mr. Hutchison, **is Martin Price behind you firing me or has anything to do with you firing me**. Mr. Hutchison did not say yes nor did he say no. Mr. Hutchison attempt to shake the plaintiff hand, the plaintiff refuse to shake any one hand in the room. Once the plaintiff got outside Union worker Sammy Veasley told

Anyone hands in the room. Mr. Veasley follow plaintiff to his truck and said, at least shake his hand and that everyone in the plaintiff's department said he was an hard worker and Mr. Hutchison could not even tell him why he was firing the plaintiff. On November 11, 2015, plaintiff filed a Charge of Discrimination with the EEOC. The box the plaintiff check was retaliation. Mr. Hutchison shortly after changed his position from an Cooler Manager to an lesser paying job as an Route Sales Delivery Driver for LuVel and his good friend Mr. Price left MDOT for unknown reasons and decided to join LuVel as an Route Sales Delivery Driver for LuVel to.

## STANDARD OF REVIEW

"[S]ummary judgment is an extreme and drastic measure which courts should use sparingly and only in the clearest of cases." Printy v. Crochet & Borel Services, 196 F.R.D. 46, 50 (E.D. Tex.2000). Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Hirras v. National

6.

R.R. Passenger Corp., 95 F.3d 396, 399 (5th Cir. 1996) (quoting Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is no evidence to support the non-movant's case. Celotex Corporation v. Catrett, 477 U.S. 317, 325 (1986)."Although summary judgment is a useful device, it must be used cautiously or it may leadto drastic and lethal results." Murrell v. Bennett, 615 F.2d 306, 309 (5th Cir. 1980). See also,Jackson v. Cain, 864 F.2d 1235, 1241 (5th Cir. 1989); Runnells v. Armstrong World Industries, Inc., 105 F.Supp.2d 914, 918 (C.D. IL 2000). In ruling on a motion for summary judgment, the Court is not to make credibility determinations, weigh evidence, draw inferences from the facts, or draw from the facts, legitimate inferences for the movant. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 255 (1986). Rather, the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. Juries play a paramount role in employment cases and in evaluating summary judgment evidence. This Court should not engage in credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts, which are jury functions, not those of a judge. Reeves, 530 U.S. at 133.

Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133,148 (2000)."Trial courts must be particularly cautious about granting summary judgment In discrimination cases, because in such cases the employer's intent is ordinarily at issue." Peralta v.Cendant Corp., 123

F.Supp.2d 65, 75 (D. Conn. 2000) (citing Chertkova v. Connecticut General Life Insurance Co., 92 F.3d 81, 87 (2nd Cir. 1996)). Where the facts are such that two inferences may be drawn, a factual issue for the jury is presented. Hunt v. Cromartie, 526 U.S. 541 (1999). "At the summary judgment stage, the nonmovant need only point to the existence of a genuine issue of material fact." Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002). Finally, "a motion for summary judgment

should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." Gibson v. Henderson, 129 F.Supp.2d 890 (M.D. N.C. 2001).

*Defendant cannot meet that test and summary judgment would be improper.*

7.

**III.**                                     **ARGUMENTS**

In Defendant's Motion For Summary Judgment the Defendant included frivolous statements made in the Motion and in the Declaration of Rodney Smith, Declaration of Donny Riley, Declaration of Brad Hutchison, Declaration of Harold Papen, and Declaration by Special Assistant Attorney General in which none of the Declarations has an notary seal nor Signature of Notary Public-State and County. (See Luvel000367, Exhibit A, Exhibit C, Exhibit D, and Exhibit E of the Defendant Summary Judgment)

In the Declaration of Rodney Smith, Declaration of Donny Riley, and Declaration of Brad Hutchison says the Same. (See Exhibit C, Exhibit D, Exhibit E of the Defendant Summary Judgment)Three people cannot possible say the same thing, unless there was an conspiracy.

**Federal Rules of Civil Procedure 11(a)** Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.

**Federal Rules of Civil Procedure 11(a) (1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

The Defendant's Motion for Summary Judgment with its included Memorandum in Support Defendant's Motion for Summary Judgement along with documents attached should be denied and striken from this Court Record. The defendant refuses to produce the video footage from October 26, 2015 through November 4, 2015. (See Plaintiff Exhibit A)The video footage will show plaintiff's work performance was beyond excellent and Night Shift and/or Evening Shift Manager Donny Riley standing over plaintiff while the plaintiff was attempt to unclog an Sewage Drain. The video footage will show Mr. Riley sending plaintiff inside LuVel plant on the Walmart side of Building cover in raw sewage to get an bucket in which Mr. Riley sent the plaintiff to get. Mr. Riley told the plaintiff to take the shortcut through plant when Mr. Riley seen plaintiff was in route to walk around the building. Mr. Riley Later that night told Supervisor LT Johnson and LuVel employee Dwayne Edward that he had the plaintiff cleaning out the sewage drain on the outside building while we was inside the LuVel plant.

8.

Luvel Supervisor Charles Henson told plaintiff he was doing an good Job. Mr. Henson got onto Mr. Riley for leaving plaintiff to load trucks by himself on the second day in training. Mr. Riley later apologize to the plaintiff. There are tons of plaintiff witness that have not given an statement to poor performance that the defendant is alleging. LuVel employee James Stewart, LuVel employee Walker Fletcher, LuVel employee Kelvin La Gone, LuVel employee Tim Lee, LuVel employee James Mann, LuVel employee Austin Cauthen, LuVel employee Eric Kern, LuVel employee LT johnson, and LuVel employee Trey bell will testify in front of a jury that plaintiff work performance was excellent and/ or that plaintiff was an very hard worker. Defendant refusing to produce documents is an excuse and the defendant does not want the real fact or facts to surfaces (See Exhibit "A" and Exhibit "B") An Blind man can see through defendant smoke screen.

## IV.          CONCLUSION

For all the reasons stated herein, Plaintiff requests that Defendant's Motion for Summary Judgment be denied and striken from the record and/ or whatever the Court deems proper.

Respectfully Submitted,

*[signature]*

Jason D. Alston, Plaintiff

By: Jason D. Alston

Plaintiff as Pro Se

Jason D. Alston

223 Third Avenue

Kosciusko, MS, 39090

Email: babyheart1981@gmail.com

Telephone: 662-739-5301

9.

## CERTIFICATE OF SERVICE

I, Jason Alston, as Pro Se, do hereby certify that I have this date mailed, by United States mail, a true and correct copy of everything list above to the following persons, at his/her last known address:

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
Attorney Timothy W. Lindsay ( MS Bar No. 1262)
207 West Jackson Street - Suite 200
Ridgeland, MS, 39157

This the __17__ day of November, 2017.

Jason Alston, Plaintiff

10.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

GREENVILLE DIVISION

| | |
|---|---|
| JASON ALSTON | PLAINTIFF |
| VS. | CIVIL ACTION NO. 4:16-cv-245-DMB-JMV |
| PRAIRIE FARMS DAIRY, INC<br>d/b/a LUVEL | DEFENDANT |

<u>**DECLARATION IN SUPPORT OF OPPOSITION TO**</u>

<u>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

Declarant **Jason Alston** (name), hereby swears and affirms under penalty of perjury that the following assertions are true and correct:

1. Declarant submits this Declaration in support of the Opposition to Motion for Summary judgment filed in this case by the Defendant. Declarant is competent to be a witness to the matters stated in this Declaration and could and would testify to those matters in a court of law, under oath, subject to the penalty of perjury.

2. Declarant has personal knowledge of the facts and circumstances set forth below.

3. Based upon Declarant's personal knowledge, Declarant states that **I am over 18 years old and everything in this motion is true.**

I declare under penalty of perjury that the foregoing is true and correct and made in good faith.

*/s/ Jason Alston*

Jason Alston, Plaintiff

STATE OF MISSISSIPPI)

COUNTY OF _Attala_

Sworn, Affirmed and Signed before me on the **17** of November, 2017.

By: _Wanda_____

By: _Cheryl_____

Commission Expires:
My Commission Expires January 6, 2020