IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                                PLAINTIFF

VS.                             CIVIL ACTION NO. 4:16- cv- 245-DMB-JMV

PRAIRIE FARMS DAIRY, INC
d/b/a LUVEL                                                                 DEFENDANT


# MOTION TO LEAVE TO AMEND TO MAKE CORRECTION TO STATEMENT OF REAL UNDISPUTED MATERIAL FACTS IN PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

By: Jason Alston

Plaintiff as Pro Se


Jason Alston

223 Third Avenue

Kosciusko, Mississippi, 39090

Email: babyheart1981@gmail.com

Telephone: 662-739-5301

1.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JASON ALSTON**                                                             **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 4:16- cv- 245-DMB-JMV**

**PRAIRIE FARMS DAIRY, INC**
**d/b/a LUVEL**                                                    **DEFENDANT**

## MOTION TO LEAVE TO AMEND TO MAKE CORRECTION TO STATEMENT OF REAL UNDISPUTED MATERIAL FACTS IN PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW, PLAINTIFF, Jason D. Alston, proceeding pro se, move the Court to allow him to correct two small errors. The first one is on page five(5) of Statement of Real undisputed material facts paragraph six (6), November 11, 2015 is incorrect. November 05, 2015 is the correct date. The Second one is on pages six (6) paragraph twelve (12) October 26, 2017 to November 05, 2017 is incorrect, The Correct date is October 26, 2015 to November 05, 2015. For the following reason set forth below:

1. The decision on a motion to amend is within the sound discretion of the district court. Nonetheless, "the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

2. Plaintiff is Pro Se and has no High School Diploma nor General Educational Development and plaintiff is trying to avoid small errors.

3. Attached to this Motion is a proposed, "Memorandum of Points and Authorities in Further Opposition to Defendant's Motion for Summary Judgment" as Exhibit "A".

2.

4. Federal Rules of Civil Procedure Rule 15 (a) (1)(a) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: 21days after serving it.

5. Finally, because of the simple nature of this Motion, the plaintiff further request that the Court waive the requirement of filing of a separate Memorandum of law in support of this Motion.

For the above stated reasons, Plaintiff prays this Motion is granted.

Respectfully Submitted,

*Jason Alston, Plaintiff*

By: Jason Alston

Plaintiff as Pro Se

Jason Alston

223 Third Avenue

Kosciusko, Mississippi, 39090

Email: babyheart1981@gmail.com

Telephone: 662-739-5301

3.

## CERTIFICATE OF SERVICE

I , Jason Alston, as Pro Se, do hereby certify that I have this date mailed, by United States mail, a true and correct copy of everything list above to the following persons, at his/her last known address:

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
Attorney Timothy W. Lindsay ( MS Bar No. 1262)
207 West Jackson Street - Suite 200
Ridgeland, MS, 39157

This the _____ day of August, 2017.

JASON ALSTON, PLAINTIFF

4.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                                                           PLAINTIFF

VS.                                                               CIVIL ACTION NO. 4:16- cv- 245-DMB-JMV

PRAIRIE FARMS DAIRY, INC
d/b/a LUVEL                                                                                DEFENDANT

## AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

     I.                                     INTRODUCTION

Defendant, Prairie Farms Dairy, INC (hereinafter "LUVEL") In the Deposition of Jason Alston, the Defendant Attorney Blythe K. Lollar openly admit to liability on record and in front of plaintiff's lawyer at that time Attorney Nick Norris. Defendant Attorney Blythe K. Lollar goes on to say Mississippi Department of Transportation( "MDOT") should have been included in this lawsuit with LuVel and not sue separately from LuVel.(See Missing pages of deposition of Jason Alston 6-33, page 36-51, page 73-77, page 84, page 94-97,page 107-126, page 131-139, page 149- 157, and page 156-165 hereinafter "Missing pages")The plaintiff was not given a chance to review the whole Deposition of Jason Alston to see if it is accurate and true to the best of plaintiff knowledge. Defendant has left out a lot pages and / or documents of Deposition of Jason Alston that was submitted to this Court in an attempt to mislead this Court. The Defendant Attorneys' should not be allowed to cherry pick against a pro se, unless the full record of the full Deposition of Jason Alston is before this Court. Therefore plaintiff object to the Deposition of Jason Alston as well as Defendant's Motion for Summary Judgment and Defendant's Response in Opposition Plaintiff's Summary Judgment that was submitted to this Court. The defendant has not provided the video footage that will solve this issue of poor performance that the defendant alleging. The defendant are refusing to produce any and every information that will expose the real facts in this case. Further discovery is need and therefore Defendant's Motion for Summary Judgment should be denied.

4.

## STATEMENT OF REAL UNDISPUTED MATERIAL FACTS

1. Plaintiff filed an EEOC charge Race Discrimination and Disability Discrimination on June 10, 2015 with the EEOC against Mississippi Department of Transportation (MDOT).

2. Plaintiff filed a Charge of Discrimination with EEOC for Retaliation on July 13, 2015 against MDOT.

3. On or about September 19, 2015 , MDOT Supervisor Martin Price gave instruction to Alston and MDOT employee Jan Vidonne who is Caucasian go 43 North and set Road signs out. Alston Called Mr. Martin Price and asked his location and where is all the MDOT employees and the tractors, Mr. Martin Price told plaintiff he allegedly said 43 South not North. Mr. Martin Price stated, "he was riding all my old routes looking for me." Plaintiff got an written reprimand because of the error Mr. Martin Price. Jan Vidonne did not get any written Reprimand nor suspended. (See Exhibit "E" Plaintiff's MOTION for Summary Judgment)

4. Plaintiff resigned from MDOT. (See Exhibit "F" Defendant Motion for Summary Judgment)

5. Martin (Marty) Price insisted that plaintiff goes work his "good friend" LuVel Cooler Manager Brad Hutchison. (See Missing Pages of deposition of Jason Alston).

6. Cooler Manager Mr. Hutchison fired plaintiff and could not explain to the Union Worker Sammie (Sammy) Veasley the reason or reasons for termination plaintiff on November 05, 2015. (See Missing Pages of deposition of Jason Alston).

7. Plaintiff filed a Charge of Discrimination with EEOC for Retaliation on November 11, 2015 against LuVel. (See plaintiff Complaint, Exhibit "A")

8. Cooler Manager Mr. Hutchison changed his position from a Cool Manager to Route Driver no sooner after plaintiff filed EEOC charge. (See Missing Pages of deposition of Jason Alston).

9. MDES determined that LuVel have not shown that the plaintiff was discharged for misconduct connected with the work (See Exhibit C).

5.

10. Luvel Cool Manager Brad Hutchison fail to defend or reschedule explaining reason for plaintiff termination to MDES. (See Exhibit "A" Plaintiff's Summary Judgment.)

11. Defendant is now alleging poor performance is the reason for termination the plaintiff.

(See Defendant Summary Judgment)

12. Luvel is refusing to produce the video footage from October 26, 2015 to November 05, 2015 in supporting of the poor work performance that the defendant is alleging. (See Missing Pages of deposition of Jason Alston).

13. Union Worker Sammy Veasley asked Cooler Manager Brad Hutchinson why is Mr. Hutchinson is firing the plaintiff. Mr. Hutchinson could not or did not explaining to Mr. Veasley the reason or reasons for plaintiff termination. (See Missing Pages of deposition of Jason Alston).

14. MDOT Maintenance Area Superintendent Martin (Marty) Price left MDOT for unknown reasons to go work for Luvel as a Route Driver.

15. Plaintiff states doing deposition that, MDOT Jeremy Odom and MDOT Chris (James) Chestnut has knowledge of the conspiracy between Route Driver Mr. Price and Route Driver Mr. Hutchison. Plaintiff further state subpoena both good friends phone records to see how much the good friends was talking doing the month plaintiff was fired. My witness names that was name in interrogatories... (See Missing Pages of deposition of Jason Alston).

16. Evening Shift and/ or Night Shift Manager Donnie ( Donny) Riley had plaintiff working in Raw sewage with no protection gear on...( See Exhibit A)

17. Evening Shift and/ or Night Shift Manager Mr. Riley sent plaintiff in on Walmart side twice cover in the sewage waste (See exhibit A )

18. Evening Shift and/ or Night Shift Manager Mr. Riley told plaintiff he doing a good job and he will help plaintiff get that Route Driver job he keep asking about. (See Missing Pages of deposition of Jason Alston).

6.

II.                                                 ARGUMENT

Summary judgment is only appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);

The Court may not grant summary judgment if a "reasonable juror, drawing all inferences in favor of the nonmoving party could return a verdict in the nonmoving party's favor." James River Ins. Co. v. Hebert Schenk, P.C., 523 F.3d 915, 920 (9th Cir. 2008).

In addition, summary judgment is inappropriate at this stage of the litigation because material issues of disputed fact exist .Therefore, material disputed issues of fact exist as to these issues that can only be resolved after further discovery. Plaintiff is require further discovery under Fed. R. Civ. P. 56(f)

### Conclusion

For the reasons stated above Defendant's Motion for Summary judgment should be denied.

Respectfully submitted this the 28th day of November, 2017.

*Jason Alston, Plaintiff*

By: Jason Alston
      Plaintiff as Pro Se

Jason Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Email: babyheart1981@gmail.com
Telephone: 662-739-5301

7.

## CERTIFICATE OF SERVICE

I, Jason Alston, as Pro Se, do hereby certify that I have this date mailed, by United States mail, a true and correct copy of everything list above to the following persons, at his/her last known address:

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
Attorney Timothy W. Lindsay ( MS Bar No. 1262)
207 West Jackson Street - Suite 200
Ridgeland, MS, 39157

This the __28__ day of November, 2017.

_____
Jason Alston, Plaintiff

8.

Jason Alston
823 Third Avenue
Kosciusko, MS, 39090

X-RAYED

Federal Building Room 369
911 Jackson Avenue East
Oxford, MS, 38655