UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                                                          PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 4:16-CV-245-DMB-JMV

PRAIRIE FARMS DAIRY, INC. d/b/a LUVEL                                                  DEFENDANT

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO FILE AMENDED COMPLAINT

Before the court is Plaintiff's motion to file an amended complaint [Doc. 64]. Defendant opposes said motion on grounds it is untimely and results in only further delay of these proceedings.

This action was filed by Plaintiff on December 13, 2016.[1] Now, more than a year after filing his complaint, he seeks to amend the complaint only after discovery in the case has long expired and motions for summary judgment have been briefed and responded to by the parties on the merits of the pending claims. At no point in Plaintiff's motion does he assert or otherwise establish that he could not reasonably have raised these claims prior to now.

> The facts [Plaintiff] seeks to add to his complaint now were available to him previously and he has not shown any reason, other than a misguided attempt at strategy, why he failed to plead them before.

*Rosenblatt v. United Way of Great Houston*, 607 F.3d 413, 420 (5th Cir. 2010). While delay alone may not justify denial of a motion to amend, denial of the motion is appropriate where the delay is undue in that it prejudices the nonmoving party or places an unfair burden on the court. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir.2004). Indeed, "at some point, time delay on the part of a plaintiff can be procedurally fatal." *Smith v.*

---

[1] Based on the court's case management order, amendments were due April 28, 2017.

*EMC Corp.*, 393 590, 595 (5th Cir.2004). In such a case, the plaintiff bears the burden of showing that the delay was "due to oversight, inadvertence, or excusable neglect." *Id.* In this case, Plaintiff fails to provide any explanation for his extreme delay in seeking an amendment at this late date.

Plaintiff's motion to amend should be denied.

RESPECTFULLY SUBMITTED,

*/s/ Timothy W. Lindsay*_____
Timothy W. Lindsay (MS Bar No. 1262)
timothy.lindsay@ogletreedeakins.com
Blythe K. Lollar (MS Bar No. 104554)
blythe.lollar@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
207 West Jackson Street
Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 360-8444
Facsimile: (601) 360-0995
**ATTORNEYS FOR DEFENDANT
PRAIRIE FARMS DAIRY, INC.
FORMERLY LUVEL**

**CERTIFICATE OF SERVICE**

      I, Timothy W. Lindsay, hereby certify that a copy of the foregoing has been served via the Court's Electronic Filing System and via Certified U.S. Mail, which sent notification of such filing to the following:

Jason Alston
223 Third Avenue
Kosciusko, MS 39090
Telephone: 662-289-4687

*Pro Se Plaintiff*

On this the 21st day of December, 2017.

                                          /s/ *Timothy W. Lindsay*_____
                                          Timothy W. Lindsay