IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JASON ALSTON**                                                                                                               **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO.: 4:16-cv-245-DMB-JMV**

**PRARIE FARMS DAIRY, INC. d/b/a LUVEL**                               **DEFENDANT**

---

**ORDER DENYING MOTION FOR SANCTIONS**

---

This matter is before the Court on the *pro se* Plaintiff's Motion for Sanctions [74]. Having considered the motion, and corresponding briefing, the court finds that the motion is not well taken and should be DENIED for the reasons explained below.

*Facts and Procedural History*

Plaintiff filed this action on December 13, 2016, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on his claim of retaliation, in violation of Title VII and 42 U.S.C. 1981, against Prairie Farms Dairy, Inc. d/b/a Luvel. The case is set for trial in approximately two weeks. Discovery was completed on October 23, 2017.

On March 19, 2018, the Plaintiff filed the instant motion alleging failure to disclose and spoliation of evidence by the Defendant. Specifically, Plaintiff alleges, in relevant part:

> Pursuant to F.R.C.P. 37(c) and (e) and the court's inherent powers, plaintiff (hereinafter "Mr. Alston") moves this court for an order imposing sanctions and granting relief against Prairie Farm Dairy INC. (hereinafter "LUVEL") for failure to disclose and for spoliation of material evidence. Attached to this Motion also include Exhibits. LUVEL has undercut and sidestep plaintiff's counselors' in not producing to the plaintiff the surveillance video footage that in LUVEL custody. (See Exhibit A Request No. 3 on page 5) LUVEL has refuse to produce the evaluation sheets on Mr. Alston job performance. (See Exhibit A request 2 through request 5 on page 5 and page 6) LUVEL alleges Donnie Riley monitored Mr. Alston work performance. Plaintiff filed an equal employment opportunity commission (EEOC) on November 11, 2015. (See Exhibit C) LUVEL was fully aware of this foreseeable lawsuit and should have preserve the surveillance video footage from October 26, 2015 to November 05, 2015 and every evaluation sheet pertaining to Mr. Alston poor performance. LUVEL surveillance video footage support the plaintiff's claim.

Doc. #75 at 1. Defendant responded denying the accusations and attached an affidavit signed by Rodney Smith, Plant Manager of Prairie Farms Dairy, Inc., who stated, in relevant part, "only a live feed and no video recordings were made of Mr. Alston's work area during his employment with LuVel… Mr. Alston's employment was discharged after less than (90) ninety days, and no written performance evaluations were created regarding Mr. Alston during his brief tenure with the Company." Doc. #79-1 at 2.

*Law and Analysis*

A party seeking sanctions based upon the spoliation of evidence must establish the following three elements:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind," and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 340 (M.D. La. 2006)(citations omitted).

Further, with regard to inherent powers sanctions, the Fifth Circuit has cautioned:

These inherent powers "ought to be exercised with great caution," and are reserved for "conduct which abuses the judicial process," "The threshold for the use of the inherent power sanctions is high." A court's inherent powers to sanction "may be exercised only if essential to preserve the authority of the court," and only when the court "finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled,'" "Because of their very potency, inherent powers must be exercised with restraint and discretion."

*Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x 899, 905 (5th Cir. 2010)(citations omitted).

The district court has discretion in determining whether to impose sanctions, but must exercise caution in doing so. Here, Mr. Alston has acknowledged at his deposition that he has no actual knowledge whether or not a recorded video ever existed, let alone demonstrated any basis upon which to support an accusation that the video or evaluation(s) were destroyed.

Further, the Defendant has, by affidavit, represented to the court that the alleged evidence that is the subject of the requested sanctions, in fact, never did exist, and Plaintiff has offered no evidence, only bald accusations, to the contrary. As such, sanctions in this instance would be improper, and therefore, the court refuses to exercise its inherent power to impose the same.

Accordingly, the Plaintiff's Motion for Sanctions [74] is hereby **DENIED**.

**SO ORDERED** this, April 13, 2018.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**