IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                        PLAINTIFF

VS                         CIVIL ACTION NO. 4:16- cv- 245-DMB-JMV

PRAIRIE FARMS DAIRY, INC.
d/b/a LUVEL                                  DEFENDANT

## MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S EARLY REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ALL DEFENDANT'S RESPONSIVE PLEADINGS AND ENTRY OF DEFAULT JUGMENT AGAINST THE DEFENDANT PRAIRIE FARMS DAIRY INC.

By: Jason Alston
     Plaintiff as Pro Se

Jason Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Telephone: 662-739-5301
Email: babyheart1981@gmail.com

4.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                                                    PLAINTIFF

VS                                              CIVIL ACTION NO. 4:16- cv- 245-DMB-JMV

PRAIRIE FARMS DAIRY, INC.
d/b/a LUVEL                                                                                     DEFENDANT

## MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S EARLY REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ALL DEFENDANT'S RESPONSIVE PLEADINGS AND ENTRY OF DEFAULT JUGMENT AGAINST THE DEFENDANT PRAIRIE FARMS DAIRY INC.

Plaintiff (hereinafter "Mr. Alston") respectfully submits Plaintiff's Early Reply in Support of Plaintiff's Motion to Strike All Defendant's Responsive Pleadings and Entry of Default Judgment against the Defendant Prairie Farms Dairy Inc. Mr. Alston prays that this Motion be granted.

I.                                          INTRODUCTION

Defendant is obstruction of justice in this Court proceedings by (one) 1. Intentionally withheld and/ or destroyed video surveillance footage stored on the Defendant Computer DVR Recorder and/ or USB flash drive, (two) 2. Not allowing the plaintiff a chance to review and approve the Deposition of Jason Alston to see if it is true and accurate. (three) 3. Defendant has violated Federal Rules of Civil Procedure 26 (a) introducing new witness and new evidences in Defendant's Summary Judgment. (Four) 4. The defendant further acting in bad faith in attempt to confuse the Court at the Final Pretrial Conference causing more prejudice to the plaintiff objecting to

5.

there own evidences, that was sent to plaintiff's Attorney's by the defendant. The defendant should not be allow to waste anymore of the Court time playing hiding the ball with this Court. This Court is not a playground where u have recess and play games.

II.                           BACKGROUND

On March 13, 2018, The Defendant email the plaintiff an notice that the Final Pretrial Conference was scheduled to take place on March 21, 2018. The Plaintiff and Defendant jointly prepare and submit a Final Pretrial Order for the pretrial conference. (See Exhibit F1) On March 14, 2018, in response to the defendant request, plaintiff respond in an timely matter. (See Exhibit F2 1-2 pages) On March 14, 2018, the defendant sent the Honorable Magistrate Jane M. Virden the jointly proposed pretrial order for the Court's consideration. (See Exhibit F3 1-15 pages) On March 19, 2018, Plaintiff filed a Motion for Sanctions for Spoilation of Evidence. (See Document number 74) On March 21, 2018, before the Honorable Magistrate Jane M. Virden the Defendant object to the facts that plaintiff and defendant agree on, at page 8 under 9a Exhibit F3 and page 9 number 10 at the bottom of the page of Exhibit F3. On March 23, 2018, Defendant made the changes as the plaintiff, defendant, and Magistrate discussed at the conference on March 21, 2018. (See Exhibit F4 at page 8 under 9a.) Defendant sent Watson and Norris a lot paper which include (Exhibit F5 1-14 pages). Looking at the bottom the Page or paper there is small letters and numbers beginning with LUVEL and follower with numbers. Example "**LUVEL000044**". Defendant only included four (4) names doing Pre- Discovery Disclosure Of core information which are Brad Hutchison, Rodney Smith, Donnie Riley, and Marty Price(See Exhibit F6 1-4) Looking at Exhibit F7 1-2 pages, are more pages sent to Watson and Norris by the defendant. At the bottom of the paper identify the defendant label. Looking at A1 –A4 is some of the evidences plaintiff wish to introduce at trial. Looking at Exhibit A2 and Exhibit A3 page 2 are the same pages as Exhibit F7.

III.                                   ARGUMENT

Defendant failure to comply with their discovery obligations and as a result has cause the plaintiff severe prejudice. Defendant through their own evidence has admit to fraud upon this Court. Looking at Document 79 RESPONSE in Opposition re74 MOTION for Sanctions filed by Prairie Farms Dairy, Inc. Exhibit A Smith Declaration, Looking at Exhibit A number 5 and 6 on page one and two is false Information and false testimony. Exhibit A Smith Declaration shows this Court that the defendant Intentionally withheld or destroy information and footage to suppress the truth. Looking at Document 81, REPLY to Defendant's Opposition to re74 MOTION for Sanctions filed by Jason Alston Exhibit PF 1 page five (5) Interrogatory No 2. states, Identify all documents which in any way support, pertain to, or relate to the subject matter of this lawsuit or claims asserted in your Answer to Plaintiff's Complaint. Defendant did mention anything about the video surveillance footage it has on the premises nor did the defendant mention anything about having cameras' and it is just live feed and does not record. A **video forensic expert** could tell if it was some truth to what the defendant alleges.

*Rule 11 imposes upon a party or attorney who has signed a paper or pleading "an affirmative duty to conduct a reasonable inquiry into the facts and the law before."*Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F. 2d 363 - Court of Appeals, 9th Circuit 1992 at 369- 370.

*Rule 11 sanctions are "reserve[d] ... for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."*Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F. 2d 363 - Court of Appeals, 9th Circuit 1992 at 370.

7.

Looking at Document 81, REPLY to Defendant's Opposition to re74 MOTION for Sanctions filed by Jason Alston Exhibit PF 2 looking at Request for Production of Documents, at the bottom of the page (5) five **Request No.3** Please produce copies of any recording, audio- tape, email, or videotape that Defendant has in its possession involving the Plaintiff. The Defendant did not fully complying with discovery. As an result plaintiff has been prejudice and all of defendant's responsive pleading should be stricken from the Court's docket and entry of default judgment should be enter against the defendant.

***Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct "which abuses the judicial process." The policy underlying this inherent power of the courts is the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth.... The courts must protect the integrity of the judicial process because, "[a]s soon as the process falters ... the people are then justified 466\*466 in abandoning support for the system."[22] Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC, 685 F. Supp. 2d 456 - Dist. Court, SD New York 2010 at 465-466.***

Not allowing the plaintiff a chance to review and approve the Deposition of Jason Alston to see if it is true and accurate. Is not fair and wrong. Defendant has violated plaintiff due process.

**The 5th Amendment and the 14th Amendment of the US Constitution provide all citizens with equal protection of their right to life, liberty and property.**

8.

**The 1938 version of Rule 11 required an attorney to certify by signing the pleading "that to the best of his knowledge, information, and belief there is good ground to support [the pleading]; and that it is not interposed for delay . . . or is signed with intent to defeat the purpose of this rule." 28 U. S. C., pp. 2616-2617 (1940 ed.). An attorney who willfully violated the rule could be "subjected to appropriate disciplinary action." Ibid. Moreover, the pleading could "be stricken as sham and false and the action [could] proceed as though the pleading had not 393\*393 been served." Cooter & Gell v. Hartmarx Corp., 496 US 384 - Supreme Court 1990 at 393**

Defendant has violated Federal Rules of Civil Procedure 26 (a) introducing new witness and new evidences in Defendant's Summary Judgment.(See Document 43) Looking at Exhibit F6 attached to this Motion the first page Harold Papen is not listed as a witness. Declaration of Papen, Declaration of Rodney Smith, Declaration of Brad Hutchison, Declaration of Donnie Riley is new evidences that was not introduce doing initial disclosures nor in Defendant Responses to Plaintiff's First set of Interrogatories nor in Defendant's Response to Plaintiff's First Set of Request for Production. The Defendant waited, until after the close of discovery, but before the filing of their summary judgment to enter Declaration of Papen, Declaration of Rodney Smith, Declaration of Brad Hutchison, Declaration of Donnie Riley. MOTION for Summary Judgment by Prairie Farms Dairy, Inc. must be stricken on the grounds such evidence is inadmissible under **Fed. R. Civ. P. 37 (c)** and **Fed. R. Evid. 403.**

Declaration of Papen, Declaration of Rodney Smith, Declaration of Brad Hutchison, Declaration of Donnie Riley evidences was not listed in Defendant inital disclosures or any supplemental disclosure, it should be excluded by the Court under **Fed. R. Civ. P . 37 (C)**

9.

The Defendant's Declarations could not exist at initial disclosure because these Declarations did not exist at the time of the initial disclosure. The Defendant cannot, therefore, argue, that it has complied with Rule **26 (a) Fed. R. Civ. P 37 (c)** If a party fail to provide information or identify witness as required by rule **26(a)** or **26(e),** the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial.

The defendant further acting in bad faith in attempt to confuse the Court at the Final Pretrial Conference causing more prejudice to the plaintiff. Looking at Exhibits A2 and A3 page 2 that attached to this motion is same evidences as the same pages that the defendant sent the plaintiff. (See Exhibit F7 1-2 pages.)

IV.  CONCLUSION

The Defendant has double talk and stonewall throughout Court's proceeding acting in bad faith and showing disregards to this Honorable Court and the Federal Rules. As a matter of law, this Court should Granted this Motion.

Respectfully Submitted this the ___11___ of April, 2018.

*Jason Alston, Plaintiff*

By: Jason Alston
Plaintiff as Pro Se

Jason Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Telephone: 662-739-5301
Email: babyheart1981@gmail.com

10.

## CERTIFICATE OF SERVICE

I, Jason Alston, as Pro Se, do hereby certify that I have this date mailed, by United States mail, a true and correct copy of everything list above to the following persons, at his/her last known address:

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
Attorney Timothy W. Lindsay ( MS Bar No. 1262)
207 West Jackson Street - Suite 200
Ridgeland, MS, 39157

This the 11 day of April, 2018.

*(signature)*
Jason Alston, Plaintiff

11.

## Index

|  |  | pages |
|---|---|---|
| Exhibit F1 | Email From the Defendant of Final Pretrial Conference | 1 |
| Exhibit F2 | Plaintiff Response to Defendant Email | 1-2 |
| Exhibit F3 | Defendant Sent Jointly Proposed Order To Honorable Judge | 1-15 |
| Exhibit F4 | Changes to Final Pretrial Order | 1-14 |
| Exhibit F5 | Documents of the Defendant | 1-14 |
| Exhibit F6 | Some of Defendant's Disclosure | 1-4 |
| Exhibit F7 | Some of Defendant's Disclosure | 1-2 |
| Exhibit A1 | MDES Paper | 1 |
| Exhibit A2 | MDES Paper | 1 |
| Exhibit A 3 | MDES Paper | 1-3 |
| Exhibit A4 | MDES Paper | 1 |

Exhibit F1

Alston v Prairie Farms Pretrial Order - babyheart1981@gmail.com - Gmail

https://mail.google.com/mail/u/0/#inbox/1622175410fddc5

Click here to enable desktop notifications for Gmail. Learn more Hide

More     63 of 299

**COMPOSE**

Alston v Prairie Farms Pretrial Order    Inbox x

Lollar, Blythe K. <blythe.lollar@ogletree.com>     Mar 13

Starred
Important
Sent Mail

to me, Timothy, Shae

Mr. Alston,

baby

As you are aware, the final pretrial conference in this matter is currently scheduled to take place on March 21, 2018. Pursuant to the Court's Order Governing Pretrial Conference and Preparation of Final Pretrial Order, the parties are required to jointly prepare and submit a Final Pretrial Order no later than seven (7) business days before the pretrial conference or no later than March 14, 2018.

Please find attached Defendant's proposed pretrial order for your review. Please complete the portions of the form designated for the plaintiff and return to me via email at your earliest convenience but **no later than noon, tomorrow, March 14, 2018**. Also, please don't hesitate to contact me should you have any objections or requested changes to the proposed pretrial order.

No recent chats

Thanks,
Blythe

**Blythe K. Lollar | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
207 West Jackson Street, Suite 200 | Ridgeland, MS 39157 | Telephone: 601-898-5490 | Fax: 601-360-0995

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the*

1 of 1     4/7/2018, 3:05 PM