RECEIVED APR 16 2018 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                                                  PLAINTIFF

VS                                            CIVIL ACTION NO. 4:16- cv- 245-DMB-JMV

PRAIRIE FARMS DAIRY, INC.
d/b/a LUVEL                                                                                    DEFENDANT

## PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION DOCUMENT NUMBER EIGHTY-FIVE

By: Jason Alston
   Plaintiff as Pro Se

Jason Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Telephone: 662-739-5301
Email: babyheart1981@gmail.com

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                 PLAINTIFF

VS                              CIVIL ACTION NO. 4:16- cv- 245-DMB-JMV

PRAIRIE FARMS DAIRY, INC.
d/b/a LUVEL                                             DEFENDANT

## PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION DOCUMENT NUMBER EIGHTY-FIVE

Jason Alston ( hereinafter "Mr. Alston") submit the following objection in response to the Magistrate's April 09, 2018 Report and Recommendation regarding Order denying72 Motion for Leave to File Amended Complaint. With much respect to the Magistrate's Report and Recommendation Mr. Alston objects to the Report and Recommendation overall and dispute it.

I.                                       Background

Watson & Norris, PLLC law firm filed a Complaint or lawsuit on behalf of Mr. Alston on December 18, 2017. Watson & Norris was Attorneys' for the plaintiff. On November 3, 2017, Mr. Alston ask Attorney Nick Norris to withdraw from plaintiff's case. Plaintiff has no legal training,but chose to go pro se. On March 19, 2018 , Mr. Alston file with this Court an Plaintiff's Renewed Motion for Leave to File Amended Complaint 72 . On April 09, 2018 , an order denying 72 Motion for Leave to file Amended Complaint. The case is set for trial on April 23, 2018.

2

Discovery has close. Mr. Alston seeks to add new claims for wrongful termination and breach of contract attached with exhibts.

II.                                      Argument

In Foman v. Davis, 371 US 178 - Supreme Court 1962 at 182 The Court of Appeals also erred in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint. As appears from the record, the amendment would have done no more than state an alternative theory for recovery.

Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

The judgment is reversed and the cause is remanded to the Court of Appeals for further proceedings consistent with this opinion. See Foman v. Davis, 371 US 178 - Supreme Court 1962 at 182

**Federal Rules of Civil Procedure require that the Court "freely give leave**

**[to amend] when justice so requires,"**

Mr. Alston is not requesting the Renewed Motion for Leave to File Amended Complaint in bad faith nor will it cause the Defendant any prejudice nor is the Renewed Motion for Leave to File Amended Complaint futile.
Defendant's discovery abuse in intentionally withelding surveillance footage, data,and documents hurts and confuses posture in the litigation. (See Exhibit A attached,Declaration of Rodney Smith pages one(1) and page two(2) at paragraph five (5) and paragraph six (6). Attorneys' for the Defendant in their Discovery responses fail to mention of any information of any surveillance video footage until after discovery closed.
Looking at Exhibit A. Declaration of Rodney Smith attached to this Plaintiff's objection to Magistrate's Report and Recommendation number eighty- five (85) and Looking careful at Document number a forty-three(43).Exhibit C Smith Declaration, Mr. Smith does not mention of any surveillance video footage.
Mr. Alston never been to hip hop school but it seem as someone is coaching Mr. Rodney Smith on what to say and trying truth to suppress the truth.

In US v. Wood, 877 F. 2d 453 - Court of Appeals, 6th Circuit 1989 at 456

Ms. Wood's first claim is that the district court erred in allowing the Government leave to amend its complaint to add a third party beneficiary claim against Ms. Wood. Although the Government filed its complaint in August of 1985, it was not until September 11, 1986, in its motion for summary judgment, that the Government raised the third party beneficiary claim against Ms. Wood. Ms. Wood then moved to strike that portion of the summary judgment motion concerning the third party beneficiary claim, and also moved for summary judgment on all other claims. The Government, in turn, filed a motion in opposition to Wood's motion to strike the third party beneficiary claim, and concurrently moved for leave to amend its complaint. In opposing the

amendment, Wood did not argue that she would be prejudiced by the amendment: rather she complained that it was too late for the Government to amend its complaint since it had known of the Agreement for two years; the case was fourteen months old; the discovery period had lapsed; and the case was to be tried within three weeks. The district court rejected these arguments and granted the Government leave to amend the complaint to add the third party beneficiary claim.

See US v. Wood, 877 F. 2d 453 - Court of Appeals, 6th Circuit 1989 at 456

III.                                  CONCLUSION

This Court should permit the filing of Renewed Motion for Leave to File Amended Complaint. All this Court need to decide at this point, whether Mr. Alston will be allowed to Renewed Motion For Leave to File Amended Complaint with the Attached Proposed Amended Complaint.

Respectfully Submitted this the ___16___ day of April, 2018.

*Jason Alston*

Jason Alston, Plaintiff

By: Jason Alston
    Plaintiff as Pro Se

Jason Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Telephone: 662-739-5301
Email: babyheart1981@gmail.com

## CERTIFICATE OF SERVICE

I, Jason Alston, as Pro Se, do hereby certify that I have this date mailed, by United States mail, a true and correct copy of everything list above to the following persons, at his/her last known address:

Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
Attorney Timothy W. Lindsay ( MS Bar No. 1262)
207 West Jackson Street - Suite 200
Ridgeland, MS, 39157

This the __16__ day of April, 2018.

_____
Jason Alston, Plaintiff