# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JASON ALSTON**                                                                                 **PLAINTIFF**

**V.**                                                            **NO. 4:16-CV-245-DMB-JMV**

**PRAIRIE FARMS DAIRY, INC.**
d/b/a Luvel                                                                                  **DEFENDANT**

## ORDER

Before the Court is Jason Alston's "Motion to Recuse or Disqualify District Judge Debra Brown and Magistrate Judge Jane Virden." Doc. #120.

## I
## Relevant Procedural Background

On April 16, 2018, this Court granted summary judgment in favor of Prairie Farms Dairy, Inc., and entered a final judgment dismissing this case with prejudice.[1] Doc. #98; Doc. #99. Since then, Alston has filed thirteen post-judgment motions seeking, among other things, relief from judgment, a "new trial," and sanctions against Prairie Farms. *See* Doc. #100; Doc. #102; Doc. #108. In a post-judgment motion filed May 31, 2018, Alston seeks to "[r]ecuse or [d]isqualify"

---

[1] This case was vigorously litigated before the Court's entry of final judgment. Alston commenced this action against Prairie Farms on December 13, 2016, alleging violations of Title VII and 42 U.S.C. § 1981. Prairie Farms answered the complaint on January 13, 2017. After a full period of discovery, Alston moved for summary judgment on November 7, 2017. One week later, Prairie Farms moved for summary judgment. On November 20, 2017, Alston responded to Prairie Farms' motion for summary judgment and also filed "Objections to Evidences and Declarations Submitted in Support of Defendant's Motion for Summary Judgment." Prairie Farms responded to Alston's motion for summary judgment on November 21, 2017. On November 27, 2017, Alston filed a "Reply in Further Opposition to Defendant's Motion for Summary Judgment," and Prairie Farms replied in support of its summary judgment motion. Also on November 27, 2017, Alston moved to strike certain declarations and deposition excerpts in Prairie Farms' motion for summary judgment. Prairie Farms responded to the motion to strike on December 11, 2017.

Thereafter, Alston filed a number of motions: on December 1, 2017, a motion to correct two dates in his November 27 reply, and a motion for the Court to take judicial notice of various documents; on December 15, 2017, a motion for judgment as a matter of law; on March 19, 2018, a motion to continue trial, and a motion for sanctions; and finally, on April 5, 2018, a motion to strike all of Prairie Farms' responsive pleadings and for entry of default judgment. Alston's motion for sanctions was denied by separate order on April 13, 2018. All remaining motions were addressed in the Court's summary judgment ruling. *See* Doc. #98 at 3–5 (detailing procedural history).

the undersigned district judge and United States Magistrate Judge Jane M. Virden pursuant to 28 U.S.C. §§ 144 and 455.[2] Doc. #120 at 2. On June 14, 2018, Prairie Farms responded in opposition to Alston's motion to recuse or disqualify, Doc. #127; Alston replied on June 21, 2018, Doc. #131.

## II
## Analysis

In his motion, Alston contends that recusal is warranted because of a series of alleged events that occurred during the March 21, 2018, final pretrial conference in this case—events which he perceives evince bias or prejudice against him. Specifically, Alston claims that Judge Virden helped arrange an alleged meeting between Prairie Farms' attorney and the undersigned to discuss then-pending motions for summary judgment, which he believes ultimately influenced the undersigned's summary judgment rulings. Doc. #121 at 3. Alston argues that, because of this alleged ex parte meeting, recusal is warranted under both 28 U.S.C. §§ 144 and 455 because he "feel both judges are bias and prejudice against a pro se litigant or maybe the plaintiff personal," and requests his case be "assigned to another district court judge and magistrate judge." *Id*. at 5.

### A. 28 U.S.C. § 144

A recusal motion under § 144 is "committed to the sound discretion of the district judge." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1166 (5th Cir. 1982). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias of prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at

---

[2] To the extent Alston seeks disqualification or recusal of Judge Virden, such request will be separately addressed by Judge Virden and is referred to her in that regard.

2

which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The plain text of § 144 requires "counsel of record" to certify that the motion is made in good faith. Because a pro se litigant necessarily does not have "counsel of record," courts have concluded that a pro se litigant cannot invoke § 144. *See United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988); *Robinson v. Gregory*, 929 F.Supp. 334, 337–38 (S.D. Ind. 1996) (explaining importance of strict enforcement of procedural and substantive requirements of § 144 to prevent forum shopping in denying pro se plaintiff's § 144 motion to recuse because counsel of record did not certify motion was brought in good faith). Further, the Fifth Circuit has upheld a district court's bar prohibiting pro se litigants from invoking § 144 even if a pro se litigant purports to certify the motion was made in good faith in lieu of "counsel of record" making such a certification. *Parker v. Bd. of Supervisors Univ. of La.-Lafayette*, 270 F. App'x 314, 316 (5th Cir. 2008).

Because Alston is proceeding pro se,[3] his motion for recusal, insofar as it is brought under § 144, is improper because it has not been certified by counsel of record. Accordingly, to the extent Alston seeks recusal under § 144, his motion will be denied.

### B.  28 U.S.C. § 455(a)

Section 455(a) provides that "[a]ny … judge … of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As with a motion brought under § 144, a recusal motion brought under § 455 is committed to the sound

---

[3] Alston had counsel of record at the time his original complaint was filed in this district court on December 13, 2016. But, on November 7, 2017, Alston's then-counsel was granted permission to withdraw on motion unopposed by Alston. The motion to withdraw stated that "[Alston] called [his] counsel on November 3, 2017, and informed them that he wanted to terminate their representation, and intends to represent himself pro se for the remainder of the case." Doc. #38 at 1.

3

discretion of the district court. *Chitimacha Tribe*, 690 F.2d at 1166. "A judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding the judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." *Garcia v. City of Laredo, Tex.*, 702 F.3d 788, 794 (5th Cir. 2012) (quotation marks and alterations omitted). In this context, a court should ask "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).

As an initial matter, "adverse rulings do not call into question a district judge's impartiality." *Barnes v. Anderson*, 116 F.3d 1477, 1997 WL 304210, at *3 (5th Cir. 1997) (unpublished table decision). Additionally, § 455 "is not intended to give litigants a veto power over sitting judges." *F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *6 (5th Cir. 2007) (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Furthermore, "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters do not form the basis of a successful recusal motion." *Sivak v. Hardison*, 658 F.3d 898, 926 (9th Cir. 2011) (quotation marks and alterations omitted).

Here, Alston's "allegations speak for themselves and do no warrant any meaningful explanation or discussion" because they are clearly premised on his suspicion, speculation, and belief. *See DiGiustino v. SmarteCarte Co., Inc.*, No. 16-00192, 2018 WL 1440214, at *6–7 (D. Haw. Mar. 22, 2018) (denying motion to recuse where plaintiff alleged, among other things, "knowing looks and secret discussions" between magistrate judge and defense attorney which plaintiff perceived to be improper). Notably, Alston does not allege that, on the day of the pretrial conference, he personally witnessed the undersigned in Judge Virden's chambers or that he personally witnessed an ex parte meeting between the undersigned and Prairie Farms' defense

4

counsel. Rather, Alston alleges only that he suspects that Prairie Farms' counsel brought a "very large heavy bag"[4] into the back of Judge Virden's chambers[5] to speak with the undersigned.[6] Doc. #121 at 3. The Court finds that a reasonable person, cognizant of all the relevant circumstances, would not question the undersigned's impartiality based on Alston's vague and unsubstantiated[7] perceptions and beliefs about what occurred at the March 21 settlement conference. "[E]rroneous perceptions of reality and loosely based charges of partiality based on personal perceptions … do not warrant or justify recusal or disqualification." *In re AVN Corp.*, No. 98-20098, 1998 WL 35324198, at *3 (Bankr. W.D. Tenn. Dec. 8, 1998). Accordingly, Alston's motion to recuse pursuant to § 455 will also be denied.

### III
### Conclusion

Alston's motion [120] to recuse or disqualify, insofar as it relates to the undersigned, is **DENIED**.

**SO ORDERED**, this 28th day of September, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Alston alleges that Prairie Farms' counsel mentioned her "heavy" bag and that he "is not sure if heavy is a code word or something." Doc. #121 at 3 (emphasis omitted).

[5] The specific location where Alston claims the alleged ex parte meeting took place is unclear. In his memorandum brief, Alston appears to allege that the purported meeting took place somewhere in Judge Virden's chambers. *See* Doc. #121 at 3 (alleging he and Prairie Farms' attorney went "into a room where Magistrate Judge Jane Virden was" and that after settlement conference Prairie Farms' attorney "was still in the back talking to Judge Brown about her pending Summary Judgement Motion with her very large heavy bag"). However, in his reply, Alston alleges "the private meeting with Judge Debra Brown did take place in Judge Debra Brown chambers and Judge Jane Virden escorted Attorney [for Prairie Farms] to Judge Debra Brown chambers." Doc. #131 at 3.

[6] In its response, Prairie Farms states that "[a]t no point prior to, during, or after the March 21, 2018 conference did counsel for Prairie Farms have any ex parte communications regarding this matter with either judge assigned to the case." Doc. #127 at 2.

[7] Alston submitted an affidavit in support of his motion to recuse but it merely avers that his motion "is as accurate as I can attest, and everything contained is true and correct to the best of my personal knowledge." Doc. #122 at 1.

5