IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JASON ALSTON**                                                                                 **PLAINTIFF**

**V.**                                                                              **NO. 4:16-CV-245-DMB-JMV**

**PRAIRIE FARMS DAIRY, INC.**
d/b/a Luvel                                                                            **DEFENDANT**

### ORDER

Before the Court are numerous post-judgment motions filed by Jason Alston.

**I**
**Relevant Procedural Background**

On April 16, 2018, on cross-motions for summary judgment, the Court granted summary judgment in favor of Prairie Farms Dairy, Inc.[1] and entered a final judgment dismissing this case with prejudice. Docs. #98, #99. Three days earlier, on April 13, 2018, Alston's motion for sanctions alleging spoliation of evidence by Prairie Farms was denied. Doc. #88.

On April 27, 2018, Alston filed a motion for relief from judgment and a motion for a new trial. Docs. #100, #102. Prairie Farms responded in opposition to both motions on May 11, 2018. Doc. #107. Alston replied on May 14, 2018. Docs. #110, #111, #112.

Also on May 14, 2018, Alston filed a renewed motion for sanctions alleging spoliation of evidence. Doc. #108. Prairie Farms responded in opposition on May 29, 2018, Doc. #113; and on June 13, 2018, Alston replied,[2] Doc. #123.

---

[1] The Court's memorandum opinion and order also disposed of six motions filed by Alston other than his motion for summary judgment. *See* Doc. #98 at 12–13.

[2] Local Uniform Civil Rule 7(b)(4) provides that a moving party "desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief." Because Prairie Farms' response to Alston's renewed motion for sanctions was filed May 29, 2018, Alston's deadline to timely file a reply was June 5, 2018. Though Alston, who is proceeding pro se, consented to receive documents electronically, he must mail his

On May 30, 2018, Alston filed three motions: a motion to compel the testimony of Jeremy Odom, Doc. #114; a motion to compel surveillance video footage, Doc. #115; and a motion for an evidentiary hearing, Doc. #116. The next day, Alston filed three more motions: a second motion for an evidentiary hearing, Doc. #118; a second motion to compel surveillance video footage, Doc. #119; and a motion to recuse or disqualify the undersigned district judge and United States Magistrate Judge Jane M. Virden,[3] Doc. #120. Prairie Farms responded to all six motions. Docs. #124, #125, #126, #127. Alston replied. Docs. #128, #129, #130, #131.

On July 10, 2018, Alston filed a "Motion for Judicial Notice of Defendant's and Attorneys' for the Defendant Fraud upon the Court."[4] Doc. #135. Prairie Farms responded in opposition, Doc. #141; and Alston replied, Doc. #142.

Finally, on July 20, 2018, Alston filed a "Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11." Doc. #139. Prairie Farms responded in opposition, Doc. #143; and Alston replied, Doc. #145.

## II
## Analysis

The Court addresses each of Alston's motions in turn.

### A. Rule 60 Motion

Alston contends that relief from the Court's judgment is warranted under Federal Rule of Civil Procedure 60(b)—specifically subsections (2), (3) and (6). These subsections provide, in

---

documents to the Clerk of the Court to be filed. Because the envelope in which Alston mailed his reply was post marked June 1, 2018, *see* Doc. #123 at 6, Alston's reply is timely.

[3] Alston's motion to recuse was recently addressed by separate orders. Doc. #147; Doc. #148.

[4] On July 20, 2018, "Jason Alston's Third Notice to Judicial Notice" was filed in which Alston asks the Court to take judicial notice of certain documents. Doc. #140. Prairie Farms, construing the filing as a motion, responded on August 3, 2018, Doc. #144; and Alston replied, Doc. #146. To the extent Alston intended the filing as a motion, it is denied for the same reasons as his "Motion for Judicial Notice of Defendant's and Attorneys' for the Defendant Fraud upon the Court," as explained below.

pertinent part:

> the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: …
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud …, misrepresentation, or misconduct by an opposing party; … or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2), (3), (6).

*1. Rule 60(b)(2)*

Arguing that there is newly discovered evidence entitling him to relief from judgment under Rule 60(b)(2), Alston attached to his memorandum brief[5] three documents: (1) a public record request and incident report from the Kosciusko Police Department, in which an officer states that he "watched video from the cameras at Luvel and saw [a stolen] truck leave the parking lot" while investigating a stolen car in January 2017, Doc. #101-2 at 2; (2) an April 22, 2018, declaration of Tim Lee, an employee of Prairie Farms, in which Lee states that "[t]he area that … Alston was assigned to does record footage," Doc. #101-3 at 1; and (3) an April 21, 2018, declaration of James Stewart which states that Rodney Smith is "openly dishonest and will say anything to get his way" and that Alston helped Stewart, who "was a dock worker on the outside [of] the building," Doc. #101-3 at 2.

In response, Prairie Farms argues that the documents proffered by Alston as newly discovered evidence are irrelevant, immaterial, and, in any event, could have been obtained before the entry of final judgment. Doc. #107 at 3.

"To succeed on a motion for relief from judgment based on newly discovered evidence, [Fifth Circuit] law provides that a movant must demonstrate: (1) that it exercised due diligence in

---

[5] Alston's attachment of documents to his memorandum brief is contrary to local rule. *See* L.U. Civ. R. 7(b)(2) ("All exhibits … must be filed as exhibits to the motion … to which they relate." For the sake of efficiency, and in the absence of objection by Prairie Farms, the Court will excuse Alston's procedural failures in this instance.

obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 316 (5th Cir. 2017) (quotation marks and citation omitted). Under this standard, Alston has not met his burden.

First, with respect to the Kosciusko Police Department report, Alston does not explain why he did not or could not obtain such information until April 18, 2018— after final judgment was entered in this case. The report indicates that the incident occurred on January 25, 2017, well in advance of the discovery and pretrial disclosure deadlines. Moreover, that there was recorded video footage of Prairie Farms' parking lot in January 2017 does not bear on whether there were video cameras recording in the area Alston was working in late 2015 and, more important, does not bear on the question of causation, which was the basis for this Court's grant of summary judgment in Prairie Farms' favor.

Lee's declaration suffers from similar deficiencies. The declaration was executed on April 22, 2018—five days after final judgment was entered—and Alston again does not explain why he was unable to obtain Lee's declaration earlier. Additionally, Lee's declaration concerning the current status of whether video footage is recorded does not bear on whether there is recorded footage from 2015—when Alston worked at Prairie Farms. The statements in Lee's declaration further are not material and clearly would not produce a different result. As mentioned above, the Court granted Prairie Farms' motion for summary judgment because Alston failed to establish prima facie causation; Lee's declaration has no bearing on that conclusion.

Stewart's April 21, 2018, declaration, which states that Alston helped him "load the line" and that Stewart was a "dock worker on the outside [of] the building," does no better in assisting Alston in his quest for Rule 60(b)(2) relief. Alston offers no reason why, with the exercise of due

4

diligence, he could not have obtained the declaration before entry of final judgment. Moreover, Stewart's statements that he believes "Smith to be openly dishonest and will say anything to get his way," Doc. #101-3 at 2, does not bear on the question of causation. Further, Stewart's broad statement about his beliefs about Smith's truthfulness does not bolster Alston's claim of retaliation and thus is of no consequence to the Court's conclusion that Alston failed to establish prima facie causation on his retaliation claim.

### 2. Rule 60(b)(3)

In seeking Rule 60(b)(3) relief, Alston contends that Prairie Farms

> acted in bad faith objecting to the fact [Alston] stated the defendant has video Cameras' in plaintiff work area and then … later produc[ing] an bogus statement on April 2, 2018 by … Rodney Smith saying now the video camera exist, but in Mr. Alston area it is just live feed and no recording.

Doc. #101 at 4 (emphasis omitted). Prairie Farms argues that Alston's Rule 60(b)(3) request should be denied because his "allegations do not demonstrate fraud or other misconduct on the part of Prairie Farms … and he has provided no evidence establishing such, much less evidence that is clear and convincing." Doc. #107 at 5.

"Rule 60(b)(3) allows the court to relieve a party from judgment on the basis of fraud … misrepresentation, or misconduct by an opposing party." *Lyles*, 871 F.3d at 317 (quotation marks omitted). "To succeed under Rule 60(b)(3), [the moving party] first has the burden of proving fraud or other misconduct by clear and convincing evidence and must then show that it prevented him from fully and fairly presenting his case." *Id.* (quotation marks omitted). In contrast to Rule 60(b)(2), "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *United States v. City of New Orleans*, 731 F.3d 434, 443 (5th Cir. 2013) (quotation marks omitted).

Alston urged a similar argument in his April 5, 2018, "Motion to Strike All of Defendant's

5

Responsive Pleading and Entry of Default Judgment against the Defendant Prairie Farms Dairy Inc." Doc. #83. The Court explained in its April 16 memorandum opinion and order that, because Alton testified during his deposition that he did not know if the cameras were recording or merely showing live feed, Smith's declaration that the cameras in question maintained live-feed does not amount to fraud. *See* Doc. #98 at 11–12. Alston has offered no proof that there was recorded video footage of his work area during the time he worked at Prairie Farms. Accordingly, there is no clear and convincing evidence of fraud committed by Prairie Farms warranting relief under Rule 60(b)(3).

*3. Rule 60(b)(6)*

The Fifth Circuit has "consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)–(5). The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (citations omitted). Because Alston's stated grounds for relief under Rule 60(b)(6) are the same as those for which he sought relief under Rule 60(b)(2) and Rule 60(b)(3), relief from the Court's judgment is not warranted under Rule 60(b)(6).

**B. Motion for New Trial**

Alston contends a new trial is warranted pursuant to Federal Rule of Civil Procedure 59: (1) because of two of the documents he offered as newly discovered evidence—specifically, the police report and Lee's declaration; (2) because Prairie Farms acted improperly by withholding his deposition transcripts; (3) to "[t]ake [t]estimony from Jeremy Odom;" and (4) because of due process violations committed by Prairie Farms. Doc. #103 at 2–4. In opposition, Prairie Farms argues Alston's motion for new trial should be denied because Rule 59 provides for a new trial only after a trial has been held and because summary judgment was granted before trial started.

Doc. #107 at 5.

Federal Rule of Civil Procedure 59 states:

The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Fed. R. Civ. P. 59(a)(1). Because there was no trial in this case, Alston's motion for a new trial under Rule 59 is improper and will be denied.

### C. Renewed Motion for Sanctions

On April 13, 2018, Judge Virden denied Alston's motion for sanctions alleging spoliation by Prairie Farms of recorded surveillance video footage. Doc. #88. Alston's renewed motion for sanctions states that it was filed "because Prairie Farms and The Attorneys spoliated evidence." Doc. #108 at 2. In his supporting memorandum, Alston contends:

> Prairie Farms and the Attorneys' has chosen to 'destroy' video surveillance footage that was significant and material evidence in the case. As a result, Prairie Farms and the Attorneys' should be sanctioned for such conduct, and the appropriate sanction is striking all responsive pleading and entry of default of judgement against the defendant, Prairie Farms and the Attorneys' should be fined $150,000 for their conduct.

Doc. #109 at 1 (emphasis omitted). Specifically, Alston argues that a current employee of Prairie Farms, Lee, saw "and will testify under oath that the video surveillance camera in the plaintiff['s] assigned area was recording video footage when the plaintiff was employed" at Prairie Farms; and that a Kosciusko police officer will testify that he saw recorded video footage from Prairie Farms while investigating a stolen vehicle. *Id*. at 3.

Prairie Farms responds that Alston has failed to offer "any evidence whatsoever, that Prairie Farms and its counsel have chosen to destroy video surveillance footage that was significant and material evidence in the case," Doc. #113 at 1 (quotation marks omitted); and that the new

7

evidence upon which Alston relies is "irrelevant," "hypothetical," and does not amount to actual proof that warrants sanctions, *id.* With respect to Lee's declaration, Prairie Farms argues that Alston's expectation of what Lee's testimony will be is not competent evidence; and that even if it was, Lee is not in a management position and "not involved in decisions regarding Prairie Farms' facilities and/or security measures," and Lee's statement failed to state whether the cameras where Alston worked recorded video footage during the relevant time frame. *Id*. at 2. As for the Kosciusko Police Report, Prairie Farms argues that the fact a police report containing a statement that there was recorded video footage of Prairie Farms' parking lot over a year after Alston worked for Prairie Farms does not establish that Prairie Farms or its counsel intentionally destroyed evidence. *Id*. Finally, Prairie Farms contends that Alston's renewed motion for sanctions is untimely because final judgment has been entered. *Id*. at 3.

In denying Alston's initial motion for sanctions, Judge Virden held that Alston "acknowledged at his deposition that he has no actual knowledge whether or not a recorded video ever existed, let alone demonstrated any basis upon which to support an accusation that the video … [was] destroyed." Doc. #88 at 3. Likewise, Alston's submission of the January 2017 police report and Lee's declaration in support of his renewed motion for sanctions does not establish that video footage existed or that the defendants destroyed it—both the police report and the declaration fail to establish that there is recorded video surveillance during the time Alston worked for Prairie Farms. Accordingly, for the same reasons explained in the order denying Alston's initial motion for sanctions, his renewed motion for sanctions will also be denied.

### D. Motion to Compel Testimony

On May 30, 2018, Alston filed a motion to compel the testimony of Jeremy Odom. Doc. #114. Alston contends Odom will testify that he has "first-hand knowledge of the conspiracy

8

between MDOT Martin Price and the Defendant Cooler Manager Brad Hutchison to hire the plaintiff for the Defendant and later terminate the plaintiff." Doc. #114 at 2.

Alston's motion to compel does not state on what grounds it is brought. Significantly, discovery closed in this case on October 23, 2017, and final judgment was entered on April 16, 2018. Doc. #28; Doc. #99. Alston does not cite any legal authority for the proposition that compelling Odom's testimony is justified after the close of discovery and the entry of final judgment. Alston's motion to compel, therefore, will be denied as untimely.

To the extent Alston seeks to introduce compelled testimony by Odom as "new" evidence as grounds for relief from final judgment, for the same reasons discussed above—specifically, Alston's failure to explain why such evidence could not be obtained before the entry of final judgment—his motion to compel, construed as a motion for relief under Rule 60, will be denied.

### E. Motions for Evidentiary Hearing

Alston filed two identical motions requesting an evidentiary hearing. Docs. #116, #118. Alston requests an evidentiary hearing "1. To resolve all pending Motions. 2. To resolve all factual dispute[s] and arguments arising in both the Plaintiff's and Defendant's Motions. 3. To weigh the Plaintiff's and Defendant's conflicting evidences." Doc. #116 at 2; Doc. #118 at 2.

Pursuant to Local Civil Rule 7(b)(6)(A), the Court "will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel in an easily discernable manner on the face of the motion or response." In violation of this local rule, Alston did not request a hearing on the face of the motions for which he seeks a hearing. This Court declines to exercise its discretion to hold a hearing on the motions currently pending in this case—all of which were filed by Alston. None of the pending motions present difficult questions for which the Court would find oral argument helpful. And,

because all of Alston's post-judgment motions relate to the Court's April 16 order granting summary judgment to Prairie Farms, to the extent Alston seeks an evidentiary hearing to "weigh the conflicting evidence[]," his motions for an evidentiary hearing must be denied. *See Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (internal quotation marks omitted) ("[a] court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment").

### F. Motions to Compel Video Footage

Alston filed two identical motions for "an order compelling Defendant's to produce all surveillance video footage from … October 26, 2015 [t]hrough November 5, 2015 of the inside and outside 6 days[] before the Evidentiary Hearing." Doc. #115 at 2; Doc. #119 at 2. As explained above, there will be no post-judgment evidentiary hearing. Also, for the same reasons Alston has previously been denied requests to compel Prairie Farms to provide video footage, his current request will also be denied.

### G. Motion for Judicial Notice

Alston's "Motion for Judicial Notice of Defendant's and Attorneys' for the Defendant Fraud upon the Court" asks the Court to take judicial notice of numerous documents. *See* Doc. #135 at 2–9. Given that final judgment has been entered and, as discussed above, Alston's motion for relief from final judgment has been denied, it is unclear on what grounds and for what purpose Alston seeks to introduce these facts and to what motions they relate. In its April 16 summary judgment ruling, the Court explained that under Federal Rule of Evidence 201, for a fact to be judicially noticed, it must have bearing on the operative facts of the case and come from a source whose accuracy cannot reasonably be questioned. Doc. #98 at 6–7. While Alston lists all the documents of which he wants the Court to take judicial notice, he cites no authority for the

proposition that such documents may properly be judicially noticed. These documents consist of declarations, correspondence with Prairie Farms' counsel, what appear to be discovery objections, and assorted facts which occurred during litigation. *See* Doc. #135 at 2–9. None of the documents come from a source whose accuracy cannot reasonably be questioned. Moreover, because final judgment has been entered in this case and Alston's motion for relief from judgment has been denied, none of the facts or documents Alston seeks to have judicially noticed relate to any live claim in this case. *See, e.g., Allied Home Mortg. Capital Corp. v. Blues Alley Estates Ltd. P'ship*, No. 2:06-cv-161, 2008 WL 11342878, at *1–2 (N.D. Miss. Sept. 9, 2008) (denying motion to take judicial notice because underlying documents were not "controlling or operative facts to the issues presented"). Accordingly, Alston's motion for judicial notice will be denied.

### H. Motion for Rule 11 Sanctions

Alston's "Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11" requests the Court to impose sanctions on Prairie Farms and its attorneys for allegedly lying to the Court in Prairie Farms' response to his motion to recuse or disqualify. Doc. #139 at 4. Specifically, Alston alleges that Prairie Farms and its counsel lied by stating that "[a]t no point prior to, during, or after the March 21, 2018 conference did counsel for Prairie Farms have any ex parte communications regarding this matter with either judge assigned to the case." Doc. #139 at 4 (quoting Doc. #127 at 2). Alston requests to be relieved of the requirement of filing a separate memorandum of law in support of his motion "because of the simple nature" of the motion. *Id*. at 5.

Prairie Farms responds that Alston's accusations are premised on "unfounded and inadmissible misrepresentations of fact" and that he "has failed to demonstrate any legally sufficient grounds for imposing sanctions." Doc. #143 at 1–2.

Rule 11(b), cited by Alston in his motion, provides in pertinent part that "[b]y presenting

11

to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances."

Here, Alston relies on his own statement that Prairie Farms lied in its response to his motion to recuse. Other than his own unsupported assertions, Alston offers no evidence that Prairie Farms' counsel had ex parte communications with any judge assigned to this case, nor does he offer any legal argument that Rule 11 sanctions are warranted. For these reasons, as well as those set forth in this Court's order denying Alston's motion to recuse, sanctions under Rule 11 are not warranted.

### III
### Conclusion

For the reasons above, Alston's motions [100][102][108][114][115][116][118][119][120][135][139] are **DENIED**. Because this case is now closed and has been since April 16, 2018, Alston is warned that any future filing of meritless and/or unnecessary motions that serve to needlessly clog the Court's docket and waste the Court's time and resources may subject him to sanctions.

**SO ORDERED**, this 23rd day of October, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**